## Clark v. Clark

*Hyman Goldstein,* for plaintiff.

SHUGHART, P. J., June 4, 1963.—The complaint in the above action filed October 11, 1962, averred the residence of defendant to be in Huntingdon County, Pennsylvania. On the same date, the sheriff of Cumberland County deputized the sheriff of Huntingdon County to make service. By a return undated but from other records apparently made on October 16, 1962, the Huntingdon County sheriff stated that defendant was no longer in his county but could be served in Pittsburgh. On the same date, October 16, 1962, the sheriff of Allegheny County was deputized to make service. The latter filed a return of "not found" on November 2, 1962. The return of the Cumberland County sheriff dated January 5, 1963, reveals no effort on his part to find defendant within Cumberland County after the complaint was forwarded to Huntingdon County on October 11, 1962.

In the case of Lauver v. Lauver, 11 Cumb. 114, we said:

"In Aument v. Aument, 10 C. L. J. 129, 130, we said: 'R. C. P. 1013 provides that where service of a writ or complaint has not been made the sheriff shall make his return of service "upon the expiration of the period allowed for service". Goodrich-Amram Civil Practice Sections 1013 and 1124 provide that a return of "Not Found" may not be made until the expiration of thirty days after the complaint is filed. The cases have generally held that a service by publication based on a sheriff's return of "Not Found" made less than thirty days after the commencement of the action is void on its face. Spenetto v. Spenetto, 78 D. & C. 66; Brown v. Brown, 4 D. & C. 2d 524.' "

In this case, the complaint was filed October 11, 1962, and was immediately forwarded to Huntingdon County where the sheriff had it for approximately six days. It was then sent to Allegheny County. A "not found" return was filed by that sheriff after approximately 17 days. The return indicates no effort to serve the complaint after its return from Allegheny County. Under the circumstances it is very doubtful if the conditions precedent to service by publication were met.

The question need not now be decided because the service by publication reveals a more basic deficiency. Pennsylvania Rule of Civil Procedure 1124(b) provides that whenever service is made by publication "the sheriff shall send the defendant a notice of the pendency of the action by registered mail to his last known residence as set forth in the complaint." The return here does not indicate that such was done nor are any notices or other documents attached to the return. The sending of the notice is an integral part of service by publication and where it is omitted the service is invalid and no jurisdiction over the defendant is obtained: Knight v. Knight, 70 D. & C. 229; Stewart v. Stewart, 4 Chester 450. (See former case for contents

of a return of not found, as a prerequisite to service by publication.)

There being no jurisdiction over defendant, no decree may be entered. The report indicates that registered mail notices of the hearing before the master were received by defendant at the address set forth in the complaint. In view of this fact, the complaint will not be dismissed because personal service on defendant may now be made, but the appointment of the master will be vacated. Counsel for plaintiff may apply for reappointment of the same master when jurisdiction over defendant has been acquired and the time for appointment of a master has arrived: Pa. R. C. P. 1133. Attention of the master and counsel for plaintiff is directed to local rule 126 relative to compensation of the master.

In the event that jurisdiction over defendant has not been obtained and the master is not reappointed within 60 days of the date of this opinion, the complaint shall be deemed dismissed and the prothonotary directed to enter such a notation upon the appearance docket.

### Order of Court

And now, June 4, 1963, for the reasons given in the foregoing opinion, all proceedings subsequent to filing the complaint are set aside, the appointment of the master is vacated and plaintiff is given 60 days within which to obtain jurisdiction over defendant and to petition for the reappointment of the master. If these conditions are not met, then the complaint is deemed dismissed at the cost of plaintiff without further order and the prothonotary directed to make the appropriate notation on the appearance docket.